# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ALISA WRIGHT | § § § | |
| Plaintiff, | § | Civil Action No. _____ |
| v. | § § | |
| SUNBEAM PRODUCTS, INC., | § § | |
| Defendant. | § § § | |

## COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUSGE OF SAID COURT:

Plaintiff, ALISA WRIGHT, by and through her undersigned counsel, files this Complaint against Defendant SUNBEAM PRODUCTS, INC., and alleges as follows:

## PARTIES

1. Plaintiff Alisa Wright is a resident and citizen of Texas and resides within the jurisdiction of the Southern District of Texas.

2. Defendant Sunbeam Products, Inc. ("Sunbeam") is a Delaware corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Sunbeam is authorized to do business in Texas and may be served through its registered agent for

service in Texas: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. Defendant Sunbeam Products, Inc. [hereinafter "Sunbeam"] designed, manufactured, branded, imported, distributed, and/or sold in the state of Texas a product known and branded as a Sunbeam® Heating Pad.

5. Defendant Sunbeam Products Inc. is subject to the *in personam* jurisdiction of this Court, as it did and continues to do business within the state of Texas and has continuous and systematic contacts with the state of Texas and has consented to jurisdiction in the state of Texas.

6. Defendant Sunbeam Products Inc. is a corporation and deemed to reside in a judicial district in which it is subject to personal jurisdiction. 28 U.S.C. §1391(c).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c), as the Plaintiff resides in Harris County, Texas, within the jurisdictional boundaries of this United States District Court, and a substantial part of the events giving rise to this claim occurred in Navasota, Grimes County, Texas.

## NATURE OF THE CASE

8. This civil action is a claim for personal injuries received by Plaintiff Alisa Wright, that she received when a consumer product known as a Sunbeam® Heating Pad, designed,

manufactured, imported, and distributed by Defendant Sunbeam Products, Inc., malfunctioned, caught fire, and caused a serious burn injury to Plaintiff.

9.     It is alleged that this incident occurred as a result of the defects in, and the failure of, the heating pad's design and manufacturing specifications, which allowed the heating pad control module to catch fire causing a serious burn injury.

## **FACTUAL ALLEGATIONS**

10.     The subject heating pad, marketed and sold under the "Sunbeam" brand, was equipped with a controller prone to overheating and fire when exposed to moisture.

11.     Defendant represented the heating pad as safe for personal therapeutic use, but it lacked essential waterproof seals, gaskets, or moisture-resistant internal components.

12.     On or about the date of the incident, while using the pad as intended, the internal controller experienced an electrical failure consistent with water ingress, overheated, and ignited.

13.     The fire caused Plaintiff severe burns to her left thigh and hip, necessitating:

- Emergency airlift to the hospital;

- Emergency burn wound care;

- At least four surgeries, including skin grafting;

- Ongoing treatment and long-term disability and disfigurement.

14.     It appears that the controller sustained internal damage consistent with moisture penetration, and upon information and belief, the device lacked basic protective design

3

features—such as sealed components or water-resistant gaskets—that could have prevented the malfunction.

15. Upon information and belief, Defendant had prior notice—via consumer complaints, adverse event reports, or return claims—that similar Sunbeam heating pads, including those with similar controller designs, posed fire and burn hazards under ordinary use.

16. Despite this knowledge, Defendant continued to market and distribute the product without recalling or redesigning it or warning users of the risks.

<u>**ACCRUAL OF THIS CAUSE OF ACTION**</u>

17. Prior to May 27, 2024, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture, or labeling of the subject Sunbeam® Heating Pad.

18. Prior to May 27, 2024, Plaintiff was unaware of any defects in the Sunbeam® Heating Pad.

19. Prior to May 27, 2024, the subject Sunbeam® Heating Pad had not malfunctioned.

20. Prior to May 27, 2024, Plaintiff had not suffered any injury from the use of the Sunbeam® Heating Pad.

21. Plaintiff's cause of action against Defendant occurred on May 27, 2024.

<u>**HEATING PAD PRODUCTS**</u>

22. Defendant Sunbeam is an American company that for many years produced designed, manufactured, marketed, imported, distributed, and sold a variety of consumer products including, toasters, mixers, irons, steamers, electric blankets, and heating pads, among other products.

23.    Defendant Sunbeam designed, manufactured, marketed, imported and/or distributed a variety of products known as Sunbeam® Heating Pads, including the Sunbeam Heating Pad with "Controller and 3 Heat Settings", Model No. 819, that is the subject of this civil action.

24.    The Sunbeam® Heating Pad, that is the subject of this action is an FDA registered Class II Medical Device.

25.    Sunbeam markets its heating pad products with the claim, among others, that, "Sunbeam products are perfect for multiple pain points like the back, neck, shoulders, and knee."[1]

26.    Upon information and belief, Defendant Sunbeam was the designer of the Sunbeam® Heating Pad, that is the subject of this action.

27.    Upon information and belief, Defendant Sunbeam was the manufacturer of the Sunbeam® Heating Pad, that is the subject of this action.

28.    Upon information and belief, Defendant Sunbeam was the importer of the Sunbeam® Heating Pad, that is the subject of this action.

29.    Upon information and belief, Defendant Sunbeam was the distributor of the Sunbeam® Heating Pad, that is the subject of this action.

30.    If Sunbeam in fact was not the actual manufacturer of the Sunbeam® Heating Pad, then Sunbeam contracted with a Chinese entity, believed to be Slay Eagle Holdings, Ltd., Shenzen City, Guangdon Province, China, to manufacture these products for it, manufactured to Sunbeam's specifications and requirements, and bearing the brand name "Sunbeam®" on the product.

---

1 *See* https://www.sunbeam.com/pain-relief/general-muscle-pain/standard-size-heating-pad/SAP_2101860.html

31.     The Chinese entity that may have manufactured the subject heating pad, is not registered to do business in the state of Texas.

32.     The Chinese entity that may have manufactured the subject heating pad, is not subject to the jurisdiction of this United States District Court.

33.     Pursuant to applicable Texas law, Defendant Sunbeam can be held liable for the injuries caused by the Sunbeam® Heating Pad, that is the subject of this action.

34.     Defendant Sunbeam imported and distributed, either directly itself, or through third-party retailers, heating pads with serious and dangerous defects that had the potential to cause significant risk of bodily harm and injury to its consumers.

35.     Defendant Sunbeam imported and distributed, either directly or through third-party retailers, heating pads with serious and dangerous defects that in fact caused significant risk of bodily harm and injury to its consumers.

36.     Specifically, these defects at times manifest themselves by these products causing serious burn injuries when being used as intended and as reasonably expected by consumers.

## PRIOR NOTICE TO SUNBEAM

37.     Sunbeam, or a third party acting on its behalf, has a database where a record was and is kept of each instance where a consumer, or a retailer, claimed to Sunbeam that a Sunbeam Heating Pad product had caused a burn injury to a consumer.

38.     Upon information and belief, prior to the sale of the subject heating pad Sunbeam received notice from consumers that these products had caused serious burn injuries to consumers.

39.     Upon information and belief, prior to the sale of the subject heating pad Sunbeam received notice from retailers that these products had caused serious burn injuries to purchasers of these products.

40.     Prior to May 27, 2024, Defendant Sunbeam ignored and/or concealed its knowledge of the heating pad's defects from consumers and the general public and continued to generate a substantial profit from the sale of its heating pads, demonstrating a callous, reckless, and willful indifference to the health, safety and welfare of Plaintiff and consumers like her.

41.     Sunbeam was aware before May 27, 2024 that the controller on Sunbeam heating pads could catch fire when exposed to liquid.

42.     After Defendant Sunbeam knew or should have known of these defects with its Sunbeam® Heating Pad products it continued to distribute its defective Sunbeam® Heating Pad products for sale to consumers.

43.     After Defendant Sunbeam knew or should have known of these defects with its Sunbeam® Heating Pad products it failed to recall these dangerous and defective heating pads.

44.     After Defendant Sunbeam knew or should have known of these defects, and the risk of serious burn injuries to users of these Sunbeam® Heating Pad products, Sunbeam prioritized profit over the safety of consumers, and continued to distribute these products.

45.     Defendant Sunbeam failed to fully disclose its knowledge of these defects in its heating pads from consumers, the United States Food and Drug Administration [FDA], and the public in general, in order to continue to profit from the sale of its heating pads.

**GENERAL ALLEGATIONS**

7

46.   The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology, is defective in design in that the control may begin to smoke and ignite [i.e., catch fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

47. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology, are defective in manufacture in that there was inadequate quality control during the manufacturing process, inadequate testing, and inadequate pre-sale testing of each manufactured product to assure that the control may begin to smoke and ignite [i.e., catch fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

48. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology, are defective in that Sunbeam had, or should have had, the technology that was capable of preventing the control from igniting [i.e., catching fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

49. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology are defective in that the technology is reasonably feasible to design and manufacture a control that would not ignite [i.e., catch fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

50. Upon information and belief, Defendant Sunbeam has received and maintained claims, files, data, documents, and other information documenting that the Sunbeam control used with the

Heating Pad with "Controller and 3 Heat Settings", and other Sunbeam electrically heated bedding products using a similar control caught fire when being used in a reasonably expected and anticipated way.

51. In spite of the information that it received, and knowledge of the risk of fires, property damage and injuries caused by this product, Defendant Sunbeam continued to manufacture, import, distribute, sell and market heated bedding products with controls that could ignite [i.e., catch fire], including the Heating Pad with "Controller and 3 Heat Settings" used by Plaintiff Alisa Wright.

52. Defendant Sunbeam did not to warn the consuming public, including Alisa Wright, that the control used with the Heating Pad with "Controller and 3 Heat Settings", and other Sunbeam electrically heated bedding products using a similar control, could ignite [i.e., catch fire] when being used by consumers in a manner that is or should be reasonably expected and anticipated.

53. In spite of the knowledge of the facts set forth above, prior to the sale of the Alisa Wright Heating Pad with "Controller and 3 Heat Settings" and its control, Defendant Sunbeam did not recall the Sunbeam Heating Pad with "Controller and 3 Heat Settings" and other Sunbeam electrically heated bedding products using a similar control.

54. Upon information and belief, in spite of the knowledge of the facts set forth above, prior to the sale of the Alisa Wright Heating Pad with "Controller and 3 Heat Settings", Sunbeam did not to fully report to the United States Consumer Product Safety Commission, pursuant to Section 15(b) of the Consumer Product Safety Act, 15 U.S.C. § 2064(b), and 16 C.F.R. § 1115, potential product hazards related to Sunbeam Heating Pad with "Controller and 3 Heat Settings", and other Sunbeam electrically heated bedding products using a similar control, including claims

9

that Sunbeam has received notice that these products allegedly were the cause of serious personal injury as a result of the controls igniting [i.e., catching fire].

55. Defendant Sunbeam had a continuing duty to discover and maintain current information gleaned from research, adverse incident reports, consumer complaints, warranty returns, and other available sources of information, so as to enable it to be aware of the fact that Sunbeam Heating Pad with "Controller and 3 Heat Settings", and other Sunbeam electrically heated bedding products using a similar control caught fire.

56. Defendant Sunbeam had a continuing duty to warn consumers of all potential dangers which it knew or should have known, in the exercise of reasonable care to exist in its Sunbeam Heating Pad with "Controller and 3 Heat Settings", and other Sunbeam electrically heated bedding products using a similar control.

## STRICT LIABILITY

57. Plaintiff Alisa Wright incorporates by reference the allegations in paragraphs 1 through 58 of this Complaint as is stated herein.

58. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff was defectively designed, manufactured, constructed, assembled, tested, and inspected by Defendant Sunbeam, acting by and through its agents, servants, and employees in the United States and in China.

59. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff was defective when it was imported into the United States from China.

60. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff was defective when it left the hands of Defendant Sunbeam and was placed into the stream of commerce.

61. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff was unreasonably dangerous when it was imported into the United States from China.

62. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff was unreasonably dangerous when it left the hands of Defendant Sunbeam and was placed into the stream of commerce.

63. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it with the ordinary knowledge common to the community as to its characteristics.

64. Because of the Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control's dangerous condition, that product would not be put on the market by a reasonable product manufacturer or seller assuming that it knew of its dangerous condition, and therefore was unreasonably dangerous.

65. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer, in that it could ignite [i.e., catch fire] when being used by consumers in a manner that is or should be reasonably expected and anticipated.

11

66. The defective condition of the Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control owned and used by Plaintiff rendered it unsafe for normal or anticipated use, handling or consumption.

67. The defects in the design of the Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control [i.e., "the product"] owned and used by Plaintiff include, but are not limited to, the following:

a.      unsafe design of the electric circuitry;

b.      designing a product such that the control could experience an electrical fault that caused ignition of the control to open flame; and

c.      failure to include safety circuitry or devices to detect an electrical fault in the control that would deenergize the product before the control would ignite [i.e., catch fire].

68. The defects in the manufacture of the Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control [i.e., "the product"] owned and used by Plaintiff include, but are not limited to, the following:

a) manufacture of the product of its intended design specifications such that an electrical fault in the control was not detected by its circuitry and the control ignited [i.e., caught fire];

b) manufacture of the product not in compliance with generally accepted industry safety specifications, including but not limited to Underwriters Laboratory [UL] specifications, such that an electrical fault in the control may not be detected by its circuitry, that would remain energized, and the control would ignite [i.e., catch fire]; and,

12

    c)  inadequate quality control, inspection, and testing to assure that the product was manufactured within its intended design specifications.

69. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control [i.e., "the product"] owned and used by Plaintiff was unreasonably dangerous because:

    a)  by design, the product did not have circuitry that could detect an electrical fault in the control and prevent the control from igniting;

    b)  the product malfunctioned during reasonably foreseeable use in that an electrical fault in the control was not detected by the circuitry in the control, and the control ignited;

    c)  the product lacked necessary safety devices to make it reasonably safe for its intended uses in that the safety devices or circuitry, such as they were, did not prevent the control of the Heating Pad with "Controller and 3 Heat Settings" from igniting;

    d)  the materials and devices in the electrical circuitry in the product were subject to failure during normal use in such a way that the control would ignite;

    e)  a defect or failure in the electrical circuitry of the product resulted in the control igniting; and

    f)  the product lacked necessary warnings that it could catch fire when exposed to liquid.

70. The Sunbeam Heating Pad with "Controller and 3 Heat Settings" and control that was being used by Plaintiff was in the same or substantially the same condition as it was when it was

manufactured, imported, and distributed by Sunbeam, and had not been changed, altered, or damaged in any material way by the Plaintiff.

71. Plaintiff used the Sunbeam Heating Pad with "Controller and 3 Heat Settings" in a reasonably foreseeable way and/or in a way that Sunbeam should have reasonably expected it to be used by consumers.

72. The injuries and damages sustained by Plaintiff Alisa Wright, as set forth elsewhere in this Complaint, were proximately caused by the unreasonably dangerous and defective condition of the subject Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control.

## **NEGLIGENCE**

73. Plaintiff incorporate by reference the allegations in paragraphs 1 through 72 of this Complaint as is stated herein.

74. The actions and conduct of Defendant Sunbeam, as set forth above in paragraphs 1 through 72, were negligent.

75. The injuries and damages sustained by Plaintiff were caused by and were the direct legal and proximate result of the negligence of the Defendant Sunbeam in the following particulars:

a) in failing to use ordinary and reasonable care in designing the subject Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control with circuitry that would detect an electrical fault in the control, and deenergize the control before a fire would occur in the control;

b) in failing to use ordinary and reasonable care in manufacturing the subject Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control with circuitry

14

that would detect an electrical fault in the control, and deenergize the control before a fire would occur in the control;

c) in failing to use ordinary and reasonable care to test the subject Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control to discover the hazard and danger created by not having circuitry in the control that would detect an electrical fault in the control and deenergize the control before a fire would occur in the control; and

d) in failing to use ordinary and reasonable care to inspect the subject Sunbeam Heating Pad with "Controller and 3 Heat Settings" and its control to discover the circuitry in the control would not detect an electrical fault in the control and would not deenergize the control before a fire would occur in the control.

76. The negligent actions and conduct of Defendant Sunbeam, as set forth above in paragraphs 1 through 75, directly and proximately caused personal injury and damages to Plaintiff Alisa Wright.

77. The injuries and damages sustained by Plaintiff Alisa Wright, as set forth elsewhere in this Complaint, were proximately caused by the negligence of Defendant Sunbeam Products, Inc.

<u>**CONDUCT MERITING PUNITIVE DAMAGES**</u>

78. The wrongful acts and conduct of the Defendant Sunbeam Product, Inc., as set forth above, constitute clear and convincing evidence that Defendant Sunbeam Product, Inc., acted intentionally, fraudulently, maliciously, and recklessly constitute a basis for which Plaintiff is entitled to recover punitive damages.

<u>**BREACH OF WARRANTIES**</u>

79. Plaintiff incorporates by reference the allegations in paragraphs 1 through 78 of this Complaint as if stated herein.

80. The Defendant expressly warranted that the Heating Pad with "Controller and 3 Heat Settings" and its control referred to above was fit for its intended purpose and free of defects in its materials and workmanship.

81. The Defendant impliedly warranted that the Heating Pad with "Controller and 3 Heat Settings" and its control referred to above [i.e., "the product"] was fit for its intended purpose.

82. The product was not fit for its intended purpose and contained defects in its materials and/or workmanship, in that the control that operated the device caught fire while being used as intended and reasonably expected.

83. The Defendant warranted that the product was merchantable and fit for its particular purpose.

84. The product was not merchantable and was not fit for its particular purpose in that its control caught fire while being used for its intended purpose.

## DAMAGES

85. As a direct and proximate result of the conduct, actions, and inactions of Defendant Sunbeam, as set forth herein above, Plaintiff Alisa Wright suffered personal injury, including smoke inhalation scarring, burns, difficulty sleeping, anxiety, depression, other symptoms and medical conditions, and other direct and consequential damages including past and future pain, suffering, disability, mental anguish, emotional distress, annoyance, inconvenience, and the loss of earnings or income.

86. As a direct and proximate result of the incident Plaintiff Alisa Wright also suffered severe damage to her real property and the loss of its use for an extended period of time while repairs were being made.

87. Plaintiff's losses and damages alleged in this Complaint are in excess of $75,000, exclusive of interest or court costs.

## PRAYER FOR RELIEF

88.     WHEREFORE, Plaintiff Alisa Wright demands and prays for judgment against Defendant Sunbeam Products, Inc., in such amount as will fairly and reasonably compensate her for her injuries and damages, as set forth above, for punitive damages, prejudgment interest on her property loss and damage claims, post judgment interest, for her court costs incurred, for reasonable attorney fees on the Breach of Warranty Claim, and for all other relief to which she may be properly entitled.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted this 8th day of September 2025.

Respectfully submitted,

SCHECHTER, SHAFFER, & HARRIS, L.L.P.

_/s/ Jonathan S. Harris_

JONATHAN S. HARRIS
TBA #00796714

17

3200 Travis, 3rd Floor
Houston, Texas 77006
Tel:      713-524-3500
Fax:      866-696-5608
jharrissrv@smslegal.com
MCLAUGHLIN LAW FIRM, P.C.
TBA #3040842
George E. McLaughlin
1890 Gaylord Street
Denver, CO 80206-1211
Telephone (720) 420-9800
Facsimile (303) 322-3423
gem@w-mlawgroup.com
ATTORNEYS FOR PLAINTIFF