## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ALISA WRIGHT | § § § § | |
| Plaintiff, | § | Civil Action No. 4:25-cv-04255 |
| V. | § § | |
| SUNBEAM PRODUCTS, INC. and SKY EAGLE HOLDING CORP., | § § | |
| Defendants. | § § | |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, ALISA WRIGHT, by and through her undersigned counsel, files this First Amended Complaint against Defendants SUNBEAM PRODUCTS, INC. and SKY EAGLE HOLDING CORP., and alleges as follows:

### PARTIES

1.   Plaintiff Alisa Wright is a resident and citizen of Texas and resides within the jurisdiction of the Southern District of Texas.

2.   Defendant Sunbeam Products, Inc. ("Sunbeam") is a Delaware corporation with its principal place of business located at 6655 Peachtree Dunwoody Road, Atlanta, Georgia 30328. Sunbeam is authorized to do business in Texas and may be served through its registered agent for

Exhibit "A"

service in Texas: **Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company**, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.    Defendant Sky Eagle Holding Corp. ("Sky Eagle") is a Taiwan corporation with its principal place of business located at No. 128 Chung Hwa RD., Sec. 2, Tuchen Taipei Hisen, Taiwan, R.O.C. Sky Eagle is the actual manufacturer of the subject heating pad that is the basis of this lawsuit. Sky Eagle may be served with process in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters through the Central Authority of the Republic of China (Taiwan), or through such other means as permitted by law for service on a foreign defendant.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff Alisa Wright is a citizen of Texas. Defendant Sunbeam Products, Inc. is a Delaware corporation with its principal place of business in Georgia, making it a citizen of both Delaware and Georgia. Defendant Sky Eagle Holding Corp. is a Taiwan corporation with its principal place of business in Taiwan, making it a foreign corporation. Complete diversity of citizenship exists among all parties.

5.    Defendant Sunbeam Products, Inc. [hereinafter "Sunbeam"] designed, manufactured, branded, imported, distributed, and/or sold in the state of Texas a product known and branded as a Sunbeam® Heating Pad.

2

6. Defendant Sunbeam Products Inc. is subject to the *in personam* jurisdiction of this Court, as it did and continues to do business within the state of Texas and has continuous and systematic contacts with the state of Texas and has consented to jurisdiction in the state of Texas.

7. Defendant Sunbeam Products Inc. is a corporation and deemed to reside in a judicial district in which it is subject to personal jurisdiction. 28 U.S.C. §1391(c).

8. Defendant Sky Eagle Holding Corp. [hereinafter "Sky Eagle"] is subject to the *in personam* jurisdiction of this Court based on the following: (a) Sky Eagle manufactured the subject heating pad that entered the United States stream of commerce with the expectation and intention that its products would be sold and used in Texas; (b) Sky Eagle had a contractual relationship with Sunbeam for the manufacture and distribution of heating pads that were sold in Texas; (c) Sky Eagle could reasonably foresee that its products would cause injury in Texas; and (d) this Court has authority under minimum contacts and long-arm jurisdiction principles, and under the stream of commerce doctrine, to exercise personal jurisdiction over Sky Eagle as a foreign manufacturer whose products caused injury in this district.

9. Sky Eagle purposefully directed its business activities toward the United States, including Texas, by manufacturing heating pads specifically for distribution and sale to consumers in Texas through its relationship with Sunbeam. Sky Eagle knew or should have known that its products would be marketed, distributed, and sold throughout the United States, including in Texas, and that defects in its products could foreseeably cause injury to Texas residents.

10.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) and (c), as the Plaintiff resides in Harris County, Texas, within the jurisdictional boundaries of this United States District Court, and a substantial part of the events giving rise to this claim occurred in Navasota, Grimes County, Texas.

11.   With respect to Defendant Sky Eagle, venue is proper under 28 U.S.C. § 1391(c)(3), which provides that a defendant not resident in the United States may be sued in any judicial district, and such joinder shall render that defendant amenable to service of process under Rule 4 of the Federal Rules of Civil Procedure.

## NATURE OF THE CASE

12.   This civil action is a claim for personal injuries received by Plaintiff Alisa Wright that she received when a consumer product known as a Sunbeam® Heating Pad, Model No. 819, designed by Defendant Sunbeam Products, Inc. and manufactured by Defendant Sky Eagle Holding Corp., malfunctioned, caught fire, and caused serious burn injuries to Plaintiff.

13.   It is alleged that this incident occurred as a result of the defects in, and the failure of, the heating pad's design and manufacturing specifications, which allowed the heating pad control module to catch fire causing serious burn injuries.

## FACTUAL ALLEGATIONS

14.   The subject heating pad, marketed and sold under the "Sunbeam" brand by Defendant Sunbeam, was manufactured by Defendant Sky Eagle and was equipped with a controller prone to overheating and fire when exposed to moisture or used in ordinary household conditions.

15.    Defendants Sunbeam and Sky Eagle represented the heating pad as safe for personal therapeutic use, but it lacked essential waterproof seals, gaskets, or moisture-resistant internal components.

16.    On May 27, 2024, Plaintiff Alisa Wright was using the Sunbeam® Heating Pad at her home located at 7101 Foster Drive, Navasota, Grimes County, Texas, when the internal controller experienced an electrical failure consistent with moisture ingress, overheated, and ignited.

17.    The fire caused Plaintiff severe burns to her left thigh and hip, necessitating:

- Emergency airlift to the hospital;

- Emergency burn wound care;

- At least four surgeries, including excisional debridement and skin grafting;

- Ongoing treatment and long-term disability and disfigurement.

18.    It appears that the controller sustained internal damage consistent with moisture penetration, and upon information and belief, the device lacked basic protective design features—such as sealed components or water-resistant gaskets—that could have prevented the malfunction.

19.    Upon information and belief, Defendants Sunbeam and Sky Eagle had prior notice—via consumer complaints, adverse event reports, or return claims—that similar Sunbeam heating pads, including those with similar controller designs, posed fire and burn hazards under ordinary use.

20. Despite this knowledge, Defendants Sunbeam and Sky Eagle continued to market and distribute the product without recalling or redesigning it or warning users of the risks.

## ACCRUAL OF THIS CAUSE OF ACTION

21. Prior to May 27, 2024, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture, or labeling of the subject Sunbeam® Heating Pad.

22. Prior to May 27, 2024, Plaintiff was unaware of any defects in the Sunbeam® Heating Pad.

23. Prior to May 27, 2024, the subject Sunbeam® Heating Pad had not malfunctioned.

24. Prior to May 27, 2024, Plaintiff had not suffered any injury from the use of the Sunbeam® Heating Pad.

25. Plaintiff's cause of action against Defendants Sunbeam and Sky Eagle accrued on May 27, 2024.

## HEATING PAD PRODUCTS AND MANUFACTURER RELATIONSHIPS

26. Defendant Sunbeam is an American company that for many years has designed, manufactured, marketed, imported, distributed, and sold a variety of consumer products including toasters, mixers, irons, steamers, electric blankets, and heating pads, among other products.

27. Defendant Sunbeam designed, manufactured, marketed, imported and/or distributed a variety of products known as Sunbeam® Heating Pads, including the Sunbeam Heating Pad with "Controller and 3 Heat Settings", Model No. 819, that is the subject of this civil action.

28.    The Sunbeam® Heating Pad, that is the subject of this action is an FDA registered Class II Medical Device.

29.    Sunbeam markets its heating pad products with the claim, among others, that, "Sunbeam products are perfect for multiple pain points like the back, neck, shoulders, and knee."[1]

30.    Upon information and belief, Defendant Sunbeam was the designer of the Sunbeam® Heating Pad, that is the subject of this action.

31.    Upon information and belief, Defendant Sunbeam was the importer of the Sunbeam® Heating Pad, that is the subject of this action.

32.    Upon information and belief, Defendant Sunbeam was the distributor of the Sunbeam® Heating Pad, that is the subject of this action.

33.    Upon information and belief, if Sunbeam in fact was not the actual manufacturer of the Sunbeam® Heating Pad, then Sunbeam contracted with Defendant Sky Eagle Holding Corp., a Taiwan corporation with its principal place of business at No. 128 Chung Hwa RD., Sec. 2, Tuchen Taipei Hisen, Taiwan, R.O.C., to manufacture these products for it, manufactured to Sunbeam's specifications and requirements, and bearing the brand name "Sunbeam®" on the product.

34.    Upon information and belief, Defendant Sky Eagle Holding Corp. is a manufacturer of heating products with expertise in manufacturing heating pads and related consumer products.

35.    Upon information and belief, Defendant Sky Eagle manufactured the subject Sunbeam® Heating Pad pursuant to design specifications, requirements, and quality control standards established by Defendant Sunbeam.

36.    Upon information and belief, Defendant Sky Eagle manufactured heating pads for distribution in the United States market under various brand names, including the "Sunbeam" brand.

37.    Upon information and belief, Defendant Sky Eagle was responsible for implementing the design specifications, quality control, and testing of the subject heating pad.

38.    Upon information and belief, Defendant Sky Eagle manufactured the subject heating pad and was responsible for ensuring that it met applicable safety standards and was free from manufacturing defects.

39.    Defendant Sky Eagle manufactured the subject heating pad that is the basis of this lawsuit.

40.    Defendant Sky Eagle is not registered to do business in the state of Texas.

41.    Defendants Sunbeam and Sky Eagle imported and distributed, either directly or through third-party retailers, heating pads with serious and dangerous defects that had the potential to cause significant risk of bodily harm and injury to consumers.

42.    Defendants Sunbeam and Sky Eagle imported and distributed, either directly or through third-party retailers, heating pads with serious and dangerous defects that in fact caused significant risk of bodily harm and injury to consumers.

43.    Specifically, these defects at times manifest themselves by these products causing serious burn injuries when being used as intended and as reasonably expected by consumers.

44.    Regardless of the exact division of responsibilities between Defendants Sunbeam and Sky Eagle in the design, manufacture, importation, and distribution of the subject heating pad, under applicable Texas and federal product liability law, both Defendants can be held liable for injuries caused by the defective heating pad.

## PRIOR NOTICE TO SUNBEAM AND SKY EAGLE

45.    Defendant Sunbeam, or a third party acting on its behalf, has a database where a record was and is kept of each instance where a consumer, or a retailer, claimed to Sunbeam that a Sunbeam Heating Pad product had caused a burn injury to a consumer.

46.    Defendant Sky Eagle, or a third party acting on its behalf, has maintained records and information regarding consumer complaints and product returns related to heating pad products it manufactured for Sunbeam and other distributors.

47.    Upon information and belief, prior to May 27, 2024, Defendant Sunbeam received notice from consumers that Sunbeam heating pad products, including those with similar controller designs to the subject heating pad, had caused serious burn injuries to consumers.

48.    Upon information and belief, prior to May 27, 2024, Defendant Sunbeam received notice from retailers that Sunbeam heating pad products, including those with similar controller designs to the subject heating pad, had caused serious burn injuries to purchasers of these products.

49.    Upon information and belief, prior to May 27, 2024, Defendant Sky Eagle received notice through various channels, including but not limited to consumer complaints, adverse event reports, product returns, and warranty claims, that heating pads it manufactured with similar controller designs to the subject heating pad caused serious burn injuries when being used as intended and as reasonably expected by consumers.

50.    Upon information and belief, prior to May 27, 2024, both Defendants Sunbeam and Sky Eagle knew or should have known that the controllers used in Sunbeam heating pads, including Model No. 819, were susceptible to overheating, smoking, and igniting when exposed to moisture or liquid during reasonably foreseeable use.

51.    Upon information and belief, prior to May 27, 2024, both Defendants Sunbeam and Sky Eagle knew or should have known through their respective databases, claims files, data, documents, and other information that Sunbeam heating pad controllers with designs similar to the subject product could catch fire when being used in a reasonably expected and anticipated way.

52.    Prior to May 27, 2024, Defendants Sunbeam and Sky Eagle ignored and/or concealed their knowledge of the heating pad's defects from consumers and the general public and continued to generate a substantial profit from the sale of their heating pads, demonstrating a callous, reckless, and willful indifference to the health, safety and welfare of Plaintiff and consumers like her.

53.    Defendants Sunbeam and Sky Eagle were aware before May 27, 2024 that the controller on Sunbeam heating pads could catch fire when exposed to liquid.

54.    After Defendants Sunbeam and Sky Eagle knew or should have known of these defects with Sunbeam® Heating Pad products, they continued to manufacture, import, and distribute their defective Sunbeam® Heating Pad products for sale to consumers.

55.    After Defendants Sunbeam and Sky Eagle knew or should have known of these defects with Sunbeam® Heating Pad products, they failed to recall these dangerous and defective heating pads.

56.    After Defendants Sunbeam and Sky Eagle knew or should have known of these defects, and the risk of serious burn injuries to users of these Sunbeam® Heating Pad products, both Defendants prioritized profit over the safety of consumers, and continued to manufacture, import, distribute, and sell these products.

57.    After Defendants Sunbeam and Sky Eagle knew or should have known of these defects with Sunbeam® Heating Pad products, they failed to redesign the products to eliminate or minimize the known fire and burn hazards.

58.    Defendants Sunbeam and Sky Eagle failed to fully disclose their knowledge of these defects in their heating pads to consumers, the United States Food and Drug Administration [FDA], the United States Consumer Product Safety Commission [CPSC], and the public in general, in order to continue to profit from the sale of their heating pads.

59.    Section 15(b) of the Consumer Product Safety Act (CPSA), 15 U.S.C. § 2064(b), imposes specific reporting obligations on manufacturers, importers, and distributors of consumer products distributed in commerce, such as Defendants Sunbeam and Sky Eagle, to provide

information about certain incidents involving their products to the United States Consumer Product Safety Commission (CPSC).

60.    A manufacturer, importer, or distributor, such as Defendants Sunbeam and Sky Eagle, that obtains information that reasonably supports the conclusion that such a product: (1) fails to comply with an applicable consumer product safety rule or with a voluntary consumer product safety standard upon which the CPSC has relied under section 9 of the CPSA, (2) contains a defect that could create a substantial product hazard as defined in Section 15(a)(2) of the CPSA, 15 U.S.C. § 2064(a)(2), or (3) creates an unreasonable risk of serious injury or death must immediately inform the Commission unless the firm has actual knowledge that the Commission has been adequately informed of the failure to comply, defect, or risk.

61.    The purpose of reporting is to provide the Commission with the information it needs to determine whether remedial action is necessary to protect the public.

62.    To accomplish this purpose, Section 15(b) contemplates that the Commission receive, at the earliest time possible, all available information that can assist it in evaluating potential product hazards.

63.    Upon information and belief, in spite of the knowledge of the facts set forth above, prior to May 27, 2024, Defendant Sunbeam did not fully report to the United States Consumer Product Safety Commission, pursuant to Section 15(b) of the Consumer Product Safety Act, 15 U.S.C. § 2064(b), and 16 C.F.R. § 1115, potential product hazards related to Sunbeam Heating Pad with "Controller and 3 Heat Settings" Model No. 819, and other Sunbeam heating pad products using a similar controller design, including that Sunbeam had received notice from

consumers and retailers that these products allegedly were the cause of serious personal injury as a result of the controllers overheating, smoking, and igniting [i.e., catching fire].

64.    Upon information and belief, in spite of the knowledge of the facts set forth above, prior to May 27, 2024, Defendant Sky Eagle did not fully report to the United States Consumer Product Safety Commission, pursuant to Section 15(b) of the Consumer Product Safety Act, 15 U.S.C. § 2064(b), and 16 C.F.R. § 1115, potential product hazards related to the heating pad products it manufactured for Sunbeam and other distributors, including that Sky Eagle had received notice through various channels that these products allegedly were the cause of serious personal injury as a result of the controllers overheating, smoking, and igniting [i.e., catching fire].

## **<u>GENERAL ALLEGATIONS</u>**

65.    The Sunbeam Heating Pad Model No. 819 with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology, is defective in design in that the control may begin to smoke and ignite [i.e., catch fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

66.    The Sunbeam Heating Pad Model No. 819 with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology, are defective in manufacture in that there was inadequate quality control during the manufacturing process by Defendant Sky Eagle, inadequate testing by both Defendants Sunbeam and Sky Eagle, and inadequate pre-sale testing of each manufactured product to assure that the

control would not begin to smoke and ignite [i.e., catch fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

67.    The Sunbeam Heating Pad Model No. 819 with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology, are defective in that Defendants Sunbeam and Sky Eagle had, or should have had, the technology that was capable of preventing the control from igniting [i.e., catching fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

68.    The Sunbeam Heating Pad Model No. 819 with "Controller and 3 Heat Settings" and its control, and other Sunbeam electrically heated bedding products using a similar technology are defective in that the technology is reasonably feasible to design and manufacture a control that would not ignite [i.e., catch fire] when the product is plugged in to an energized electrical outlet with 110-120 V. AC current.

69.    Upon information and belief, Defendants Sunbeam and Sky Eagle have received and maintained claims, files, data, documents, and other information documenting that the Sunbeam controller used with the Heating Pad Model No. 819 with "Controller and 3 Heat Settings", and other Sunbeam electrically heated bedding products using a similar control caught fire when being used in a reasonably expected and anticipated way.

70.    In spite of the information that they received, and knowledge of the risk of fires, property damage and injuries caused by this product, Defendants Sunbeam and Sky Eagle continued to manufacture, import, distribute, sell and market heated bedding products with

controls that could ignite [i.e., catch fire], including the Heating Pad Model No. 819 with

"Controller and 3 Heat Settings" used by Plaintiff Alisa Wright.

71.    Defendants Sunbeam and Sky Eagle did not warn the consuming public, including

Alisa Wright, that the control used with the Heating Pad Model No. 819 with "Controller and 3

Heat Settings", and other Sunbeam electrically heated bedding products using a similar control,

could ignite [i.e., catch fire] when being used by consumers in a manner that is or should be

reasonably expected and anticipated.

72.    In spite of the knowledge of the facts set forth above, prior to May 27, 2024,

Defendants Sunbeam and Sky Eagle did not recall the Sunbeam Heating Pad Model No. 819

with "Controller and 3 Heat Settings" and other Sunbeam electrically heated bedding products

using a similar control.

73.    Defendants Sunbeam and Sky Eagle had a continuing duty to discover and maintain

current information gleaned from research, adverse incident reports, consumer complaints,

warranty returns, and other available sources of information, so as to enable them to be aware of

the fact that Sunbeam Heating Pad Model No. 819 with "Controller and 3 Heat Settings", and

other Sunbeam electrically heated bedding products using a similar control caught fire.

74.    Defendants Sunbeam and Sky Eagle had a continuing duty to warn consumers of all

potential dangers which they knew or should have known, in the exercise of reasonable care, to

exist in Sunbeam Heating Pad Model No. 819 with "Controller and 3 Heat Settings", and other

Sunbeam electrically heated bedding products using a similar control.

## **CAUSES OF ACTION**

## <u>COUNT I - STRICT LIABILITY</u>

75.    Plaintiff Alisa Wright incorporates by reference the allegations in paragraphs 1 through 74 of this Complaint as if stated herein.

76.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was defectively designed, manufactured, constructed, assembled, tested, and inspected by Defendants Sunbeam and Sky Eagle, acting by and through their agents, servants, and employees in the United States and in China.

77.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was defective when it was manufactured by Defendant Sky Eagle in China.

78.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was defective when it was imported into the United States from China by Defendant Sunbeam.

79.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was defective when it left the hands of Defendants Sunbeam and Sky Eagle and was placed into the stream of commerce.

80.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was defective and unreasonably dangerous when it was used by Plaintiff.

81.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was unreasonably dangerous when it was manufactured by Defendant Sky Eagle in China.

82.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was unreasonably dangerous when it was imported into the United States from China by Defendant Sunbeam.

83.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was unreasonably dangerous when it left the hands of Defendants Sunbeam and Sky Eagle and was placed into the stream of commerce.

84.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it with the ordinary knowledge common to the community as to its characteristics.

85.    Because of the Sunbeam Heating Pad Model No. 819 and its control's dangerous condition, that product would not be put on the market by a reasonable product manufacturer or seller assuming that it knew of its dangerous condition, and therefore was unreasonably dangerous.

86.    The Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff was unreasonably dangerous to an extent beyond that which would be contemplated by the ordinary consumer, in that it could ignite [i.e., catch fire] when being used by consumers in a manner that is or should be reasonably expected and anticipated.

87.    The defective condition of the Sunbeam Heating Pad Model No. 819 and its control owned and used by Plaintiff rendered it unsafe for normal or anticipated use, handling or consumption.

88.    The defects in the design of the Sunbeam Heating Pad Model No. 819 and its control [i.e., "the product"] owned and used by Plaintiff include, but are not limited to, the following:

a.    unsafe design of the electric circuitry by Defendant Sunbeam;

b.    designing a product by Defendant Sunbeam such that the control could experience an electrical fault that caused ignition of the control to open flame; and

c.    failure to include safety circuitry or devices by Defendant Sunbeam to detect an electrical fault in the control that would deenergize the product before the control would ignite [i.e., catch fire].

89.    The defects in the manufacture of the Sunbeam Heating Pad Model No. 819 and its control [i.e., "the product"] owned and used by Plaintiff include, but are not limited to, the following:

a.    manufacture of the product by Defendant Sky Eagle not in accordance with its intended design specifications such that an electrical fault in the control was not detected by its circuitry and the control ignited [i.e., caught fire];

b.    manufacture of the product by Defendant Sky Eagle not in compliance with generally accepted industry safety specifications, including but not limited to Underwriters Laboratory [UL] specifications, such that an electrical fault in the control may not be detected by its circuitry, that would remain energized, and the control would ignite [i.e., catch fire]; and

c.    inadequate quality control, inspection, and testing by Defendant Sky Eagle to assure that the product was manufactured within its intended design specifications.

90.    The Sunbeam Heating Pad Model No. 819 and its control [i.e., "the product"] owned and used by Plaintiff was unreasonably dangerous because:

a.    by design, the product did not have circuitry that could detect an electrical fault in the control and prevent the control from igniting;

b.    the product malfunctioned during reasonably foreseeable use in that an electrical fault in the control was not detected by the circuitry in the control, and the control ignited;

c.    the product lacked necessary safety devices to make it reasonably safe for its intended uses in that the safety devices or circuitry, such as they were, did not prevent the control of the Heating Pad Model No. 819 from igniting;

d.    the materials and devices in the electrical circuitry in the product were subject to failure during normal use in such a way that the control would ignite;

e.    a defect or failure in the electrical circuitry of the product resulted in the control igniting; and

f.    the product lacked necessary warnings that it could catch fire when exposed to liquid.

91.    The Sunbeam Heating Pad Model No. 819 and control that was being used by Plaintiff was in the same or substantially the same condition as it was when it was manufactured, imported, and distributed by Defendants Sunbeam and Sky Eagle, and had not been changed, altered, or damaged in any material way by the Plaintiff.

92.    Plaintiff used the Sunbeam Heating Pad Model No. 819 in a reasonably foreseeable way and/or in a way that Defendants Sunbeam and Sky Eagle should have reasonably expected it to be used by consumers.

93.    The injuries and damages sustained by Plaintiff Alisa Wright, as set forth elsewhere in this Complaint, were proximately caused by the unreasonably dangerous and defective condition of the subject Sunbeam Heating Pad Model No. 819 and its control.

## COUNT II - NEGLIGENCE

94.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 93 of this Complaint as if stated herein.

95.    The actions and conduct of Defendants Sunbeam and Sky Eagle, as set forth above in paragraphs 1 through 93, were negligent.

96.    The injuries and damages sustained by Plaintiff were caused by and were the direct legal and proximate result of the negligence of Defendants Sunbeam and Sky Eagle in the following particulars:

a.    in failing to use ordinary and reasonable care in designing the subject Sunbeam Heating Pad Model No. 819 and its control with circuitry that would detect an electrical fault in the control, and deenergize the control before a fire would occur in the control;

b.    in failing to use ordinary and reasonable care in manufacturing the subject Sunbeam Heating Pad Model No. 819 and its control with circuitry that would detect an electrical fault in the control, and deenergize the control before a fire would occur in the control;

c.    in failing to use ordinary and reasonable care to test the subject Sunbeam Heating Pad Model No. 819 and its control to discover the hazard and danger created by not having circuitry in the control that would detect an electrical fault in the control and deenergize the control before a fire would occur in the control; and

d.      in failing to use ordinary and reasonable care to inspect the subject Sunbeam Heating Pad Model No. 819 and its control to discover the circuitry in the control would not detect an electrical fault in the control and would not deenergize the control before a fire would occur in the control.

97.   The negligent actions and conduct of Defendants Sunbeam and Sky Eagle, as set forth above in paragraphs 1 through 96, directly and proximately caused personal injury and damages to Plaintiff Alisa Wright.

98.   The injuries and damages sustained by Plaintiff Alisa Wright, as set forth elsewhere in this Complaint, were proximately caused by the negligence of Defendants Sunbeam Products, Inc. and Sky Eagle Holding Corp.

## COUNT III - CONDUCT MERITING PUNITIVE DAMAGES

99.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 98 of this Complaint as if stated herein.

100.     The wrongful acts and conduct of Defendants Sunbeam Products, Inc. and Sky Eagle Holding Corp., as set forth above, constitute clear and convincing evidence that Defendants Sunbeam Products, Inc. and Sky Eagle Holding Corp. acted intentionally, fraudulently, maliciously, and recklessly and constitute a basis for which Plaintiff is entitled to recover punitive damages.

101.     Defendants Sunbeam and Sky Eagle knew of the defects in the Sunbeam Heating Pad Model No. 819 and continued to distribute the product despite this knowledge.

102.     Defendants Sunbeam and Sky Eagle concealed information regarding the defects and dangers of the Sunbeam Heating Pad Model No. 819 from consumers and the public.

103.     Defendants Sunbeam and Sky Eagle prioritized profit over the safety of consumers, including Plaintiff.

## COUNT IV - BREACH OF WARRANTIES

104.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 103 of this Complaint as if stated herein.

105.     Defendants Sunbeam and Sky Eagle expressly warranted that the Heating Pad Model No. 819 and its control referred to above was fit for its intended purpose and free of defects in its materials and workmanship.

106.     Defendants Sunbeam and Sky Eagle impliedly warranted that the Heating Pad Model No. 819 and its control referred to above [i.e., "the product"] was fit for its intended purpose.

107.     The product was not fit for its intended purpose and contained defects in its materials and/or workmanship, in that the control that operated the device caught fire while being used as intended and reasonably expected.

108.     Defendants Sunbeam and Sky Eagle warranted that the product was merchantable and fit for its particular purpose.

109.     The product was not merchantable and was not fit for its particular purpose in that its control caught fire while being used for its intended purpose.

## **DAMAGES**

110.     Plaintiff Alisa Wright incorporates by reference the allegations in paragraphs 1 through 109 of this Complaint as if stated herein.

111.     As a direct and proximate result of the conduct, actions, and inactions of Defendants Sunbeam Products, Inc. and Sky Eagle Holding Corp., as set forth herein above, Plaintiff Alisa Wright suffered serious personal injuries, including severe burns, scarring, need for multiple surgeries including excisional debridement and skin grafting, ongoing medical treatment, past and future pain and suffering, physical disability, mental anguish, emotional distress, disfigurement, loss of enjoyment of life, annoyance, inconvenience, and the loss of earnings or income.

112.     As a direct and proximate result of the incident, Plaintiff Alisa Wright also suffered damage to her real property and the loss of its use for an extended period of time.

113.     Plaintiff's losses and damages alleged in this Complaint are in excess of $75,000, exclusive of interest or court costs.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Alisa Wright demands and prays for judgment against Defendants Sunbeam Products, Inc. and Sky Eagle Holding Corp., jointly and severally, for:

(a)     compensatory damages in such amount as will fairly and reasonably compensate her for all injuries and damages, as set forth above;

(b)     punitive damages;

(c)      prejudgment interest on her property loss and damage claims;

(d)      post-judgment interest;

(e)      for her court costs incurred;

(f)      reasonable attorney fees on the Breach of Warranty Claims; and

(g)      all other relief to which she may be properly entitled, both general and special, legal and equitable.

## <u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>

Respectfully submitted this 22nd day of December 2025.

Respectfully submitted,

SCHECHTER, SHAFFER, & HARRIS, L.L.P.


___*/s/ Jonathan S. Harris*_____
JONATHAN S. HARRIS
TBA #00796714
3200 Travis, 3rd Floor
Houston, Texas 77006
Tel:    713–524–3500
Fax:   866-696-5608
jharrissrv@smslegal.com

-AND-

MCLAUGHLIN LAW FIRM, P.C.
George E. Mclaughlin
TBA #3040842
1890 Gaylord Street
Denver, CO 80206
Telephone (720) 420-9800
Facsimile (303) 322-3423
gem@w-mlawgroup.com
ATTORNEYS FOR PLAINTIFF